# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BILLIE RUTH GRAHAM, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>McDONALD'S RESTAURANTS OF )<br>AL INC., )<br>    Defendant. ) | CIVIL ACTION NO. 1:19-01134-CG-N |

## REPORT AND RECOMMENDATION

Plaintiff Billie Ruth Graham, who is proceeding without counsel (*pro se*), previously requested, and received, leave to proceed in this action without prepayment of fees and costs, or *in forma pauperis*, under 28 U.S.C. § 1915. Therefore, her complaint (Doc. 1) is subject to review under 28 U.S.C. § 1915(e)(2)(B), which provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Upon review of Graham's complaint (Doc. 1), the undersigned finds that it is due to be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, but with leave to file an amended complaint so that Graham may be given a chance to plausibly allege a viable claim or claims.[1]

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short

---

[1] The assigned District Judge has referred Graham's complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/2/2020 electronic reference).

and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations and some quotations omitted).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted).[2]

---

[2] Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers. Accordingly, [the undersigned] construe[s Graham]'s pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted). *See also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("[A]lthough we are to

Graham completed her complaint using a form provided by this Court for non-prisoner litigants. (*See* S.D. Ala. Local Rules, Part D "Appendix of Forms" (https://www.alsd.uscourts.gov/court-info/local-rules-and-orders)). [3] She has also attached to her complaint a charge of discrimination that she submitted to the Equal Employment Opportunity Commission (EEOC) on October 17, 2019 (Doc. 1, PageID.5). Piecing her sparse allegations together, Graham alleges the following facts:

- Graham was hired by the Defendant, through its agent "Mr. Doris," on March 2019. Graham told Mr. Doris during her hiring interview that she had a disability. (*Id.*).

- Graham was "harassed by Kim LNU (Manager, female), and Mike LNU (co-woker)." Graham complained she "was being harassed and submitted an internal complaint." (*Id.*).

- Graham was "three time hit and hold against [her] will and over work not pay at all monies and have learning disability they made fun of [her.]" (*Id.*, PageID.1).

- Graham "complained to Mr. Doris about the harassment and he told [her] that he was tired of [her] complaining and yelled at [her]. Around April 21, 2019 [she] felt compelled to resign [her] position." (*Id.*, PageID.5).

Based on these allegations, Graham claims that she was subject to unlawful discrimination by the Defendant because of (1) her race, national origin, and religion, in

---

give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (quotation omitted)).

[3] However, there is no local rule that required Graham to use this form in submitting her complaint. It is merely provided as a convenience to *pro se* parties.

violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),[4] (2) her mental disability, in violation of the Americans with Disabilities Act ("ADA"),[5] and (3) her age, in violation of the Age Discrimination in Employment Act ("ADEA").[6] Given that she alleges she was subject to harassment to the point she felt compelled to resign, Graham appears to be alleging claims of constructive discharge.

> "The law in this circuit with respect to constructive discharge is well-established. To show constructive discharge, the employee must prove that his working conditions were so difficult or unpleasant that a reasonable person would have felt compelled to resign." *Wardwell v. School Bd. of Palm Beach County, Florida,* 786 F.2d 1554, 1557 (11th Cir.1986). *See Young v. Southwestern Sav. & Loan Ass'n,* 509 F.2d 140,

---

[4] "Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004) (quoting 42 U.S.C. § 2000e–2(a)(1)). "To make out a *prima facie* case of [Title VII] discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

[5] "The ADA prohibits employment discrimination against a 'qualified individual with a disability,' defined as an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.' 42 U.S.C. § 12111(8). Accordingly, an ADA plaintiff must show either that he can perform the essential functions of his job without accommodation, or, failing that, show that he can perform the essential functions of his job with a reasonable accommodation." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1229 (11th Cir. 2005) (quotation omitted in second sentence).

[6] "The ADEA prohibits employers from firing employees who are forty years or older because of their age. 29 U.S.C. § 623(a)(1); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1331–32 (11th Cir. 2013) … To make a prima facie case of age discrimination, the employee must show: (1) he was a member of the protected group between the age of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) (per curiam).

144 (5th Cir. 1975). Before finding a constructive discharge, this court has traditionally required a high degree of deterioration in an employee's working conditions, approaching the level of "intolerable." *Wardwell,* 786 F.2d at 1558 (holding that an employer's failure to promote and consequent embarrassment to employee, together with employee's added workload, "simply do not rise to the intolerable level at which a reasonable person would feel compelled to resign"). *See Steele v. Offshore Shipbuilding, Inc.,* 867 F.2d 1311, 1317 (11th Cir.1989); *Huddleston v. Roger Dean Chevrolet, Inc.,* 845 F.2d 900, 905 (11th Cir.1988); *Bourque v. Powell Elec. Mfg. Co.,* 617 F.2d 61, 65 (5th Cir.1980); *Calcote v. Texas Educ. Found.,* 578 F.2d 95, 97 (5th Cir.1978); *Young,* 509 F.2d at 144.

*Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1527 (11th Cir. 1991).

"The threshold for establishing constructive discharge … is quite high." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (per curiam). "The plaintiff must do more than merely show that she was subjected to actionable harassment. The standard for proving constructive discharge is higher than the standard for proving a hostile work environment." *Walton v. Johnson & Johnson Servs., Inc.*, 347 F.3d 1272, 1282 (11th Cir. 2003) (quotation omitted).[7]

Graham's conclusory allegations that she was "harassed" by a manager and coworker are the kinds of unadorned "labels and conclusions" that the Court is not required to accept as true, *see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

---

[7] "The standard for constructive discharge is the same in both the Title VII and ADEA contexts[,]" *Austin v. FL HUD Rosewood LLC*, 791 F. App'x 819, 825 n.3 (11th Cir. 2019) (per curiam) (unpublished) (quotation omitted) (citing cases), as well as in the ADA context. *See Jones v. Allstate Ins. Co.*, 707 F. App'x 641, 646 (11th Cir. 2017) (unpublished (analyzing Title VII and ADA constructive discharge claims under the same standard).

conclusory statements, do not suffice."), and her few well-pleaded allegations – that she was "three time hit and hold against [her] will and over work not pay at all monies and have learning disability they made fun of [her,]" and that Mr. Doris yelled at her once when she complained – do not plausibly suggest that her working conditions had reached such a high degree of deterioration that a reasonable person would have felt compelled to resign. Accordingly, she has failed to plausibly allege a claim under Title VII, the ADA, or the ADEA, and those claims are due to be dismissed.

Moreover, Graham has only alleged facts suggesting that the harassment was, at most, due to her disability. She has failed to allege any facts suggesting that the harassment was based on her race, national origin, or religion, so as to support a claim under Title VII, or that it was based on her age, so as to support a claim under the ADEA. For this reason as well, Graham's Title VII and ADEA claims are also due to be dismissed.

However, the general rule in this Circuit is that, "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (unpublished) (emphasis added) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)

(overruling *Bank* as to counseled parties)). Here, it appears that Graham might be able to state a claim through a more carefully drafted complaint.

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(R), the undersigned **RECOMMENDS** that Graham's complaint (Doc. 1) be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, without prejudice to her ability to file an amended complaint by a specified date.[8]

**DONE** this the 1st day of April 2020.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[8] Because the defendant has not appeared in this action, and because she has not amended her complaint previously, Graham is advised that she need not wait on disposition of this Report and Recommendation, and may file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within[,] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Graham is advised, however, that her amended complaint "must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a).

In the event this recommendation is adopted, Graham is cautioned that her failure to file an amended complaint by the deadline set by the Court will result the dismissal of this case becoming final. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, -- F.3d --, No. 16-13596, 2020 WL 1074420, at *3 (11th Cir. Mar. 6, 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." (citing *Hertz Corporation v. Alamo Rent-A-Car, Incorporated*, 16 F.3d 1126, 1132-33 (11th Cir. 1994)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.